BRENDAN M. MCGUINNESS *vs.* COMMONWEALTH.

Suffolk. February 6, 1995. - June 12, 1995.

Present: LIACOS, C.J., ABRAMS, NOLAN, & LYNCH, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Sentence.

A criminal defendant seeking review pursuant to G. L. c. 211, § 3, of the trial judge's denial of the defendant's motion to revise and revoke his sentence did not demonstrate that the alleged errors could not be remedied under the ordinary review process. [497-498]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 15, 1994.

The case was considered by *Greaney,* J.

The case was submitted on briefs.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

*Brendan M. McGuinness,* pro se.

LYNCH, J. The petitioner (whom we shall call the defendant) appeals from a single justice's order denying his petition pursuant to G. L. c. 211, § 3 (1992 ed.). The defendant sought relief from an order of a Superior Court judge denying his motion to revise or revoke his criminal sentence, pursuant to Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979). We affirm the judgment of the single justice.

On June 26, 1990, the defendant pleaded guilty to the charge of armed robbery.[1] The judge accepted the defendant's guilty plea and sentenced him to twenty years at the Massachusetts Correctional Institution at Concord. At sen-

---

[1] A second charge of assault and battery by means of a dangerous weapon was placed on file with the defendant's consent and is not before us on appeal. *Commonwealth* v. *Delgado,* 367 Mass. 432, 438 (1975).

tencing, the judge said that he would consider a motion to revise and revoke when the defendant completed two years of his sentence. The judge stated in essence that, after serving two years, the balance of the defendant's sentence would be suspended and he would be placed on probation, unless he had "any trouble" while serving his sentence.

On August 23, 1990, defense counsel filed a timely motion to revise or revoke the sentence, which remained dormant for two years.[2] The judge noted that the motion would be entertained after June 27, 1992, when the defendant would have served two years. On June 29, 1992, the judge allowed the defendant's motion, without a hearing, and suspended the balance of his sentence. The Commonwealth moved for reconsideration and the judge vacated the order, pending a hearing. After hearing that, while in prison, the defendant had been found guilty of several disciplinary offenses including one inmate assault and three staff assaults, the judge allowed the motion for reconsideration and denied the defendant's motion to revise or revoke his sentence.

The defendant then moved for reconsideration of the order denying his motion to revise or revoke, claiming that, in ruling on the motion, the judge improperly considered testimony concerning his behavior while incarcerated. This motion was denied, and the defendant sent a notice of appeal from the denial of his motion to revise and revoke to the Superior Court. This notice was not accepted for filing. The court clerk informed the defendant that there was no right to appeal from the denial of a motion to revise or revoke. The clerk of the Appeals Court also informed the defendant that rule 29 did not provide for a right of appeal. Thereafter, the defendant filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking relief from the denial of his motion

[2]Rule 29 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 899 (1979), requires that a motion to revise or revoke must be filed within sixty days of the imposition of sentence. However, under this rule, once the motion is filed, a judge may act on it at any time. See Reporters' Notes to Mass. R. Crim. P. 29 (a), Mass. Ann. Laws, Rules of Criminal Procedure, at 474 (Law. Co-op. 1979).

to revise or revoke. The single justice's denial of that petition is the subject matter of this appeal.

After the denial of his petition, the defendant moved for a new trial in the Superior Court, pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979). A judge in the Superior Court denied the defendant's motion. The defendant filed a timely notice of appeal, and the matter is currently pending before the Appeals Court.

General Laws c. 211, § 3, "confers on this court the power of 'general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided.' This discretionary power of review has been recognized as 'extraordinary' and will be exercised only in 'the most exceptional circumstances.' " *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706, (1990), quoting *Costarelli* v. *Commonwealth*, 374 Mass. 677, 679 (1978). Relief under G. L. c. 211, § 3, may not be sought "merely as a substitute for normal appellate review." *Francis* v. *District Attorney for the Plymouth Dist.*, 388 Mass. 1009, 1010 (1983), quoting *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). A party seeking review under c. 211, § 3, must "demonstrate both a substantial claim of violation of [his or her] substantive rights and error that cannot be remedied under the ordinary review process." *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue, supra,* quoting *Dunbrack* v. *Commonwealth*, 398 Mass. 502, 504 (1986). Parties seeking review must demonstrate that they have no other legal remedy to pursue and, therefore, a petition under c. 211, § 3, is the only alternative. See *Taylor* v. *Newton Div. of the Dist. Court Dep't*, 416 Mass. 1006 (1993); *Roullett* v. *Quincy Div. of the Dist. Court Dep't*, 395 Mass. 1008 (1985).

The defendant contends that, in ruling on his motion to revise his sentence, the judge improperly considered the defendant's conduct after the initial sentencing. The defendant argues that to consider events taking place after sentencing is a violation of art. 30 of the Massachusetts Declaration of Rights. The defendant properly raised these issues in his mo-

tion for leave to withdraw his guilty plea and for a new trial, pursuant to rule 30 (b). The denial of this motion is currently before the Appeals Court, and the issues will be afforded full appellate review. The defendant has failed to demonstrate that the alleged errors cannot be remedied under the ordinary review process. Therefore, the single justice was warranted in denying the petition to exercise the extraordinary power of G. L. c. 211, § 3.

*Judgment affirmed.*