TOM T. CONSTANTINE *vs.* COMMONWEALTH. January 16, 2002. *Supreme Judicial Court,* Superintendence of inferior courts.

In 1997, an order pursuant to G. L. c. 209A (209A order) was issued by a judge in the Plymouth Division of the District Court Department, prohibiting Tom T. Constantine from, among other things, coming within one hundred yards of his former girl friend. In 1999, Constantine was convicted after a jury

trial of violating the 209A order, among other charges, and placed on probation for three years.[1] In 2000, he was again charged with violating the 209A order. This time, the record indicates that Constantine either admitted to sufficient facts or entered a guilty plea to the charge. Once again, he was placed on probation. On November 1, 2000, after Constantine waived a formal hearing, the probation ordered in the first 209A prosecution was revoked and he was committed to a house of correction for eighteen months.

Several months later, Constantine filed a petition in the county court pursuant to G. L. c. 211, § 3, alleging that the 209A order was improperly issued because he did not engage in any act of "abuse"; his actions forming the basis of the second 209A prosecution did not amount to a "violation" of the order; he was denied the effective assistance of counsel in the second prosecution; he was denied due process and equal protection in his probation surrender hearing; and he is currently "unlawfully restrained of his freedom" as a result of the alleged due process and equal protection violations. A single justice of this court denied the petition without a hearing. Constantine appeals. We affirm.

This court's power of review under G. L. c. 211, § 3, is " 'extraordinary' and will be exercised only in 'the most exceptional circumstances.' " *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990). Relief under G. L. c. 211, § 3, may not be sought "merely as a substitute for normal appellate review." *McGuinness* v. *Commonwealth, supra*, quoting *Francis* v. *District Attorney for the Plymouth Dist.*, 388 Mass. 1009, 1010 (1983). Among other things, "[p]arties seeking review must demonstrate that they have no other legal remedy to pursue and, therefore, a petition under c. 211, § 3, is the only alternative." *McGuinness* v. *Commonwealth, supra*.

Here, Constantine has failed to carry this burden. Aside from a single sentence in his brief, asserting that this court "has jurisdiction" over this matter, he has not made any argument that a G. L. c. 211, § 3, petition is his only available means of remedying the alleged defects. Indeed, the record indicates that Constantine has or had several opportunities to address these claims. For example, he could have appealed from the issuance of the 209A order to the Appeals Court. See *Zullo* v. *Goguen*, 423 Mass. 679, 681 (1996) ("review of orders pursuant to G. L. c. 209A should not be initiated by petition under G. L. c. 211, § 3, but rather by the filing of an appeal in the Appeals Court"). He could have moved for a new trial in the second prosecution. Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). See K.B. Smith, Criminal Practice and Procedure § 1251 (2d ed. 1983) ("A motion for a new trial is the appropriate device for attacking the validity of a guilty plea"). Similarly, he could have appealed to the Appeals Court from the revocation of his probation. *Commonwealth* v. *Christian*, 429 Mass. 1022, 1023 (1999) ("proper avenue of relief for a defendant raising a challenge to the issuance of a probation revocation order" is by direct appeal to the Appeals Court).

Constantine apparently did not pursue any of these adequate, effective alternatives. Thus, the single justice's decision to deny his petition for

---

[1]The record indicates that a notice of appeal from these convictions was filed on May 21, 1999. However, the record does not indicate whether the appeal was perfected or heard and it does not state the grounds for the appeal.

extraordinary relief was correct. *McGuinness* v. *Commonwealth, supra* at 498 (denial of petition warranted where petitioner "failed to demonstrate that the alleged errors cannot be remedied under the ordinary review process").

*Judgment affirmed.*

The case was submitted on briefs.

*Tom T. Constantine,* pro se.

*Judgment affirmed.*

The case was submitted on briefs.