VERA W. HUANG *vs.* ESSEX DIVISION OF THE PROBATE AND FAMILY COURT DEPARTMENT. September 29, 2003. *Supreme Judicial Court,* Appeal from order of single justice.

Vera W. Huang filed a G. L. c. 211, § 3, petition in the county court seeking a new trial in an underlying divorce action, as well as court-appointed

---

[1]Edgartown Division of the District Court Department.

counsel to represent her. A single justice denied the petition without a hearing, and Huang appealed. We affirm.[1]

Relief under G. L. c. 211, § 3, is extraordinary, and "may not be sought 'merely as a substitute for normal appellate review.' " *Constantine* v. *Commonwealth*, 435 Mass. 1011, 1012 (2002), quoting *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995). The record before the single justice indicates that Huang has or had various opportunities through the ordinary trial and appellate processes to seek the relief requested from this court. She filed a motion in the Probate and Family Court for a new trial, multiple motions for relief from the judgment at issue, and a motion to recuse the trial judge. The Probate Court docket indicates, as well, that she sought the appointment of counsel in that court. The docket also indicates that Huang filed various notices of appeal in the Probate Court, although the record before us is insufficient to determine the status of any of those appeals.

Huang has neither argued nor demonstrated that a G. L. c. 211, § 3, petition was the only adequate means of seeking relief on the claims raised in her petition. See *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019 (1996), and cases cited. The single justice did not abuse his discretion or otherwise err in denying the petition.[2]

*Judgment affirmed.*

*Vera W. Huang*, pro se.


---

[1]We acknowledge the brief and supplemental memoranda and appendix filed by Huang prior to argument before this court. These materials request relief in addition to that sought before the single justice. "We do not consider any other issues, arguments, and claims raised by [Huang] on appeal that were not raised before the single justice." *Bloise* v. *Bloise*, 437 Mass. 1010, 1010 (2002).

[2]Huang did not name as a respondent in her petition her former husband, the adverse party in the underlying divorce action. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).