LLOYD MATTHEWS *vs.* APPEALS COURT. June 6, 2005. *Supreme Judicial Court,* Superintendence of inferior courts. *Imprisonment,* Access to typewriter.

Lloyd Matthews appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Matthews, a pro se prisoner, unsuccessfully moved in the Appeals Court for leave to file handwritten briefs in certain civil appeals he has pending in that court. He then sought relief from a single justice of this court. He claimed he lacked access to a typewriter and that, in any event, he was unskilled at typing. At the urging of the single justice, Matthews filed a grievance with prison officials at the Massachusetts Correctional Institution at Cedar Junction. Thereafter, the superintendent of the prison submitted an affidavit to the single justice, averring that he would "ensure that Mr. Matthews has access to [a] typewriter over the next several weeks in order to prepare the briefs he has pending in the Massachusetts Appeals Court." The single justice was entitled to rely on the superintendent's reasonable assurance that Matthews's concerns would be met. Accordingly, the single justice declined to exercise the court's extraordinary power under G. L. c. 211, § 3, and denied Matthews's petition.

Matthews filed a motion for reconsideration, arguing that, despite the

---

[4]We also denied his request, made in his notice of appeal, to expedite this appeal.

superintendent's promise, Matthews still might not be given sufficient access to a typewriter to prepare his briefs for timely filing because the typewriters are kept in the prison's law library and his access to the library is limited to twelve hours per week. Matthews requested that he be allowed to use a typewriter in his cell, or that he be allowed to file handwritten briefs. The single justice denied the motion, noting that the question where a typewriter can be used is best addressed to prison officials, and that, insofar as Matthews's current complaint is due to "a lack of typing skill and a volume of litigation he had filed in the Appeals Court," those issues "are hardly unique to the petitioner."

Relief under G. L. c. 211, § 3, "is extraordinary and will be exercised only in the most exceptional circumstances." *Campiti* v. *Commonwealth*, 417 Mass. 454, 455 (1994). Our review of a decision to deny such relief is limited; "orders entered by a single justice under G. L. c. 211, § 3, are not to be disturbed, absent abuse of discretion or clear error of law." *Palaza* v. *Superior Court*, 393 Mass. 1001, 1002 (1984). The single justice here neither abused his discretion nor made any other clear error of law. On the contrary, he treated Matthews's concerns thoughtfully and practically. At the single justice's instigation, Matthews obtained the superintendent's assurance that Matthews would be given sufficient access to a typewriter to meet his obligations under Mass. R. A. P. 12 (b), 365 Mass. 857 (1974) (party allowed to proceed in forma pauperis may file brief "in typewritten form"). We trust that the superintendent will follow through with his assurances, that Matthews will avail himself fully of his access to a typewriter, and that the Appeals Court will treat Matthews's filings reasonably with this background in mind.

*Judgment affirmed.*

*Lloyd Matthews*, pro se, submitted a brief.