CHESTER J. CHALUPOWSKI & another[1] *vs.* ANTHONY METAXAS, trustee,[2] & others.[3]

April 11, 2007. *Trust,* Distribution. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Moot case.

Chester J. and Malgorzata Chalupowski, who are husband and wife, appeal from a judgment of a single justice of this court denying their petition for relief under G. L. c. 211, § 3. We affirm the judgment.

*Background.* Chester was the trustee of two Chalupowski family trusts. After a trial, a judge in the Probate and Family Court made extensive findings of fact, removed Chester as trustee, and appointed Anthony M. Metaxas (2004 judgment). Chester has filed a notice of appeal from the 2004 judgment.

Metaxas subsequently commenced an action in the Probate and Family Court seeking to dissolve the trusts on the ground that the settlors' intentions were frustrated (dissolution action). Chester, a defendant in the dissolution action, unsuccessfully moved to dismiss. Malgorzata unsuccessfully moved to intervene as of right. Chester and Malgorzata both asserted counterclaims, all of which were dismissed. Chester and Malgorzata filed notices of appeal from these interlocutory rulings.

The dissolution action was tried to the same judge who issued the 2004 judgment. By judgment dated October 24, 2006, the judge dissolved the trusts (2006 judgment). Chester and Malgorzata filed a notice of appeal from the 2006 judgment.

*Discussion.* In their G. L. c. 211, § 3, petition, which was filed before the trial of the dissolution action, Chester and Malgorzata sought (1) a stay of proceedings in the dissolution action, (2) an injunction restraining Metaxas from performing any actions as trustee of either trust, on the ground that the 2004 judgment appointing him as trustee was improper, and (3) an order that the clerk of the Probate and Family Court assemble the record so they could proceed with their appeals from the interlocutory orders entered in the dissolution case. The single justice denied relief without a hearing. On consideration of Chester and Malgorzata's memorandum filed pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we determined that the rule did not apply because their petition did not challenge any interlocutory ruling in the trial court, and we permitted the appeal to proceed. At the same time, we required Chester and Malgorzata to explain in their brief, as to each request for relief, why certain alternative remedies would not have been adequate.

Relief pursuant to G. L. c. 211, § 3, is extraordinary. The petitioners "must

---

[1]Malgorzata Chalupowski.

[2]Of the Mary Jane O. Chalupowski and Chester Chalupowski, Jr., Family Trust and of the 26-30 Andrew Street Realty Trust.

[3]Judith Chalupowski-Venuto, Donna Chalupowski, and Mary Jane Chalupowski. To avoid confusion, we refer to each member of the Chalupowski family by his or her first name. Judith, Donna, and Chester are siblings; Mary Jane is their mother.

'demonstrate both a substantial claim of violation of [their] substantive rights and error that cannot be remedied under the ordinary review process.' " *Mc-Guinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990) (*Planned Parenthood*). Further, we will not disturb the single justice's denial of relief absent an abuse of discretion or other clear error of law. See, e.g., *Matthews* v. *Appeals Court*, 444 Mass. 1007, 1008 (2005).

Each of Chester and Malgorzata's claims can be addressed in the ordinary appellate process. Their request for a stay of trial court proceedings in the dissolution action is moot, as the case has been tried and decided. As to their appeals from interlocutory rulings in the dissolution action, it remains unclear whether the record has been assembled and what steps Chester and Malgorzata have taken to have it assembled. In any event, the case has been decided, and those rulings can be addressed in an appeal from the final judgment. Finally, their claim that Metaxas was improperly appointed as trustee can be addressed on appeal from the 2004 judgment, in which he was so appointed. Further, their claim that Metaxas, because his appointment was allegedly improper, lacked standing to commence the dissolution action can be addressed on appeal from the 2006 judgment.[4] We are unpersuaded by Chester and Malgorzata's claim, relying on *Planned Parenthood, supra* at 708-709 (concerning time-sensitive right to obtain abortion), that they will lose their substantive rights due to delays in the appellate process. The rights at issue in the *Planned Parenthood* case are wholly unlike those at issue here, which, at bottom, concern the disposition of property. Any improper appointment of a trustee, dissolution of a trust, or distribution of trust property can be remedied on appeal, placing the parties in statu quo.

*Conclusion.* Because Chester and Malgorzata can obtain adequate review in the ordinary appellate process, the single justice did not err or abuse his discretion.[5]

*Judgment affirmed.*

*Malgorzata Chalupowski,* pro se.

---

[4]Certain of Chester and Malgorzata's claims, such as their claim that the judge improperly tried the dissolution action after being told that Chester had become disabled, were not presented to the single justice and are not properly before this court. In any event, Chester and Malgorzata have suggested no reason why such claims could not be addressed in the ordinary course of appellate review.

[5]We trust that, provided Chester and Malgorzata fulfil their obligations as appellants, the Probate and Family Court will assemble the records promptly and their appeals will proceed to the Appeals Court in the ordinary course.