JOHN COOPER *vs.* CVS PHARMACY. January 24, 2008. *Supreme Judicial Court, Superintendence of inferior courts.*

John Cooper appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3. We affirm.

Relief pursuant to G. L. c. 211, § 3, is extraordinary. Cooper "must 'demonstrate both a substantial claim of violation of his substantive rights and error that cannot be remedied under the ordinary review process.' "

---

*McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990). Further, we will not disturb the single justice's denial of relief absent an abuse of discretion or other clear error of law. E.g., *Matthews* v. *Appeals Court*, 444 Mass. 1007, 1008 (2005).

Cooper's submissions to the single justice and to this court fail to establish any basis for relief. Cooper appears to be challenging a 1998 Superior Court order prohibiting him from filing any further claims or complaints in that court without prior review by counsel (or at least an attempt to obtain such review) and the approval of the Regional Administrative Justice. He has not shown any reason, however, why the 1998 order was improperly entered or why it should be vacated or modified now. Further, Cooper fails to address the fact that other remedies exist. There is no indication in the record that he sought appellate relief from the order at the time it was made or that he has moved in the Superior Court for relief from that order at any time thereafter. He also could have appealed on a case-by-case basis from any order denying permission to file a particular pleading. See *Russell* v. *Nichols*, 434 Mass. 1015 (2001). The single justice did not err or abuse his discretion.

*Judgment affirmed.*

*John Cooper*, pro se.
*Todd M. Reed* for the defendant.