ANTHONY CLAYBORNE JONES, JR. *vs.* LORRAINE POWELL. June 4, 2008. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Extraordinary review, Appeal, Bond.

Anthony Clayborne Jones, Jr., appeals from a judgment of a single justice of this court denying his petition, pursuant to G. L. c. 211, § 3, without a hearing. We affirm.

This court's discretionary power of review pursuant to G. L. c. 211, § 3, "has been recognized as 'extraordinary,' and will be exercised only in 'the most exceptional circumstances.' " *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990), quoting *Costarelli* v. *Commonwealth*, 374 Mass. 677, 679 (1978). Jones's submissions to the single justice and to this court fail to establish a basis for relief. See *Cooper* v. *CVS Pharmacy*, 450 Mass. 1024, 1025 (2008). He appears to be challenging the requirement of an appeal bond, or the assessment of some other type of fee, in connection with a summary process action in the Boston Division of the Housing Court Department, but he provides no details about the bond or fee, why it was assessed, or why he could not obtain relief by means other than G. L. c. 211, § 3.

Furthermore, in Jones's appeal from the denial of his G. L. c. 211, § 3, petition, he does not challenge the action of the single justice. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). "We will not reverse an order of a single justice in a proceeding brought pursuant to G. L. c. 211, § 3, absent an abuse of discretion or other clear error of law." *Youngworth* v. *Commonwealth*, 436 Mass. 608, 611 (2002). The single justice did not commit a clear error of law or abuse her discretion in denying relief. To the extent Jones is seeking relief from the imposition of an appeal bond, the correct procedure for challenging the bond requirement is set forth in *Matter of an Appeal Bond (No. 1)*, 428 Mass. 1013, 1013 (1998).[1]

*Judgment affirmed.*

*Anthony Clayborne Jones, Jr.*, pro se.

---

[1] We recognize that Jones filed additional documents on the day of oral argument. Those documents, which were not filed with the single justice, are not a part of the record before this court. Nonetheless, we have reviewed them. Nothing in them changes our conclusion that extraordinary relief pursuant to G. L. c. 211, § 3, is not appropriate in these circumstances.