Roy Owens *vs.* City of Boston & others.[1] October 29, 2008. *Supreme Judicial Court,* Superintendence of inferior courts.

Roy Owens appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3, without a hearing. We affirm.

Owens commenced an action in the Superior Court, alleging abuse by Boston police officers. On the defendants' motion, the complaint was dismissed

---

[1]The police department of Boston and two individual officers.

as to all defendants. A panel of the Appeals Court, in an unpublished memorandum and order pursuant to its rule 1:28, affirmed as to the city of Boston and its police department on the ground that timely presentment had not been made under G. L. c. 258, § 4, but vacated as to the individual defendants. *Owens* v. *Boston*, 66 Mass. App. Ct. 1118 (2006). The Appeals Court remanded for further proceedings, including a hearing as to Owens's efforts to effect service on the individuals and the city's alleged attempts to preclude him from doing so. On remand, a judge in the Superior Court ruled that service had not been effected, but that Owens had made diligent efforts to do so. The judge accordingly denied the individual defendants' motion to dismiss and directed Owens to effect service by delivering a copy of the amended complaint to their counsel. Contending that service had in fact already been properly made and that he should not have been required to serve another copy, Owens unsuccessfully sought relief from a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par. Owens's G. L. c. 211, § 3, petition followed.[2]

Relief pursuant to G. L. c. 211, § 3, is extraordinary. We will not disturb the single justice's denial of relief absent an abuse of discretion or other clear error of law. See, e.g., *Matthews* v. *Appeals Court*, 444 Mass. 1007, 1008 (2005). Owens "must 'demonstrate both a substantial claim of violation of [his] substantive rights and error that cannot be remedied under the ordinary review process.' " *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990). Owens has demonstrated neither. With respect to his claims against the city, Owens obtained review from the Appeals Court, but did not seek further appellate review of the Appeals Court's decision dismissing these claims. He is not entitled to do so at this time through the vehicle of a petition under G. L. c. 211, § 3. Turning to Owens's claims against the individual police officers, Owens has a right to appeal to the Appeals Court from the Superior Court judgment in favor of these defendants, and in fact he has already filed his notice of appeal. In that appeal he will also be entitled to raise his claim that default judgments should have been entered against the officers.

*Judgment affirmed.*

*Roy Owens*, pro se.
*Nicole Murati Ferrer*, Assistant Corporation Counsel, for the defendants.

---

[2]It appears from court records that Owens eventually complied with the Superior Court judge's order. Further proceedings have taken place in the Superior Court, culminating in the entry of a final judgment for the defendants. We have been informed by the parties that Owens has filed a notice of appeal from this judgment.

