JAMES DICKEY *vs.* INSPECTIONAL SERVICES DEPARTMENT OF THE CITY OF BOSTON. November 7, 2008. *Supreme Judicial Court*, Superintendence of inferior courts, Appeal from order of single justice.

James Dickey appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. We affirm.

Dickey commenced an action in the Superior Court seeking judicial review of an order, issued by the city of Boston's inspectional services department

(department) pursuant to the State sanitary code, 105 Code Mass. Regs. § 410.831 (2007), condemning a vacant dwelling owned by Dickey as unfit for human habitation.[1] On Dickey's motion for a temporary restraining order, a judge in the Superior Court ordered the department to allow Dickey access to the premises during regular business hours and on one hour's notice, and to refrain from entering the premises, except in an emergency, without one business day's written notice to Dickey. Dissatisfied with the access authorized by this order, Dickey sought review pursuant to G. L. c. 231, § 118, first par. A single justice of the Appeals Court denied relief. Dickey's G. L. c. 211, § 3, petition followed.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires Dickey to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[2] Dickey has not done so. His memorandum merely asserts in a conclusory fashion that review in the ordinary appellate process would not be effective. We reject Dickey's unsupported claim that a nonresident building owner in a condemnation proceeding is in the same position as a tenant seeking a stay of eviction in summary process proceedings. Moreover, Dickey has obtained review of the Superior Court judge's ruling under G. L. c. 231, § 118. "Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019-1020 (1996).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*James Dickey*, pro se.


---

[1]In the Superior Court action, Dickey challenges the condemnation order on the ground that the department unlawfully entered the premises in violation of his constitutional rights. We express no view on the merits of that claim.

[2]In his petition, Dickey made no attempt to demonstrate that he lacked an adequate remedy other than resort to G. L. c. 211, § 3. See, e.g., *McGuinness* v. *Commonwealth,* 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue,* 406 Mass. 701, 706 (1990) (petitioner "must 'demonstrate both a substantial claim of violation of [his or her] substantive rights and error that cannot be remedied under the ordinary review process' "). This itself is a reason not to disturb the single justice's decision.

