PATRICIA A. WEBER *vs.* APPEALS COURT.[1]

Suffolk. April 7, 2010. - July 29, 2010.

Present: MARSHALL, C.J., IRELAND, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Appeals Court.*

This court concluded that G. L. c. 211A, § 11, empowers the Justices of the Appeals Court to grant full court review on their own initiative, and to review and revise decisions rendered by panels of the court, but does not provide a litigant with a private right to compel a majority of the Justices to consider and rule on a petition for full court revision. [408-412]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 4, 2009.

The case was heard by *Spina,* J.

*Frederick T. Golder* for the petitioner.

*Thomas A. Barnico,* Assistant Attorney General, for the respondent.

CORDY, J. The petitioner, Patricia A. Weber, appeals from the denial by a single justice of this court of her petition for relief pursuant to G. L. c. 211, § 3. We affirm.

*Background.* In an unpublished memorandum and order pursuant to its rule 1:28, a panel of the Appeals Court reversed a judgment of the Superior Court favorable to Weber. *Weber* v. *Community Teamwork, Inc.,* 72 Mass. App. Ct. 1113 (2008). Weber did not file a petition for rehearing. See Mass. R. A. P. 27, as amended, 410 Mass. 1602 (1991). Her petition for further appellate review pursuant to Mass. R. A. P. 27.1, as amended, 426 Mass. 1602 (1998), was denied by this court, *Weber* v. *Community Teamwork, Inc.,* 452 Mass. 1106 (2008), as was her request for reconsideration of that ruling. Approximately seven

---

[1]The petition in this case failed to name as respondents the adverse parties in the underlying Appeals Court case, contrary to the requirements of S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

months later, well after the rescript had issued to the trial court in accordance with Mass. R. A. P. 23, as appearing in 367 Mass. 921 (1975), Weber filed in the Appeals Court a "Motion to the Justices of the Appeals Court to Review and Revise Panel Decision Pursuant to G. L. c. 211A, [§] 11." The same panel that had issued the rule 1:28 memorandum and order denied that motion, as well as Weber's subsequent motion to vacate the denial and to submit the matter for consideration by all the Justices of the Appeals Court. In response to a letter she thereafter sent to the Chief Justice of the Appeals Court seeking his intervention, Weber was advised that "no further action would be taken on this closed appeal."

Weber next filed a petition pursuant to G. L. c. 211, § 3, in the county court, claiming she was entitled to have the full Appeals Court consider her request for review of the panel's decision by the full court. She asked the single justice of this court for an order "direct[ing] the Appeals Court to comply with G. L. c. 211A, § 11, or in the alternative [for this court] to take the case and decide [it] on its merits." The single justice properly denied relief.

*Discussion.* This court's extraordinary power of general superintendence pursuant to G. L. c. 211, § 3, is a discretionary power exercised only in "the most exceptional circumstances." *Costarelli* v. *Commonwealth*, 374 Mass. 677, 679 (1978). Absent an abuse of that discretion, or other error of law, we will not disturb a single justice's judgment denying relief. See, e.g., *Matthews* v. *Appeals Court*, 444 Mass. 1007, 1008 (2005). In this case, Weber has not demonstrated that she is entitled to the relief she seeks, and the single justice therefore correctly denied her petition.

Weber's petition claims that a litigant aggrieved by an unpublished decision of the Appeals Court has a right, pursuant to G. L. c. 211A, § 11, to compel the Appeals Court as a whole to consider a request to "review and revise" the panel decision. The statute provides, in relevant part: "Upon the written order of a majority of the justices of the appeals court, the decision of a panel of the appeals court may be reviewed and revised by a majority of the justices of the appeals court." G. L. c. 211A, § 11. This statutory language is similar to that of a Federal statute, 28 U.S.C. § 46(c) (2006), that was enacted in 1948, and

that long has been interpreted to preclude the type of relief sought by the petitioner. See *Western Pac. R.R. Corp.* v. *Western Pac. R.R. Co.*, 345 U.S. 247, 250 (1953) (*Western Pac.*). The Federal statute, addressed to the United States Court of Appeals, provides in part: "Cases and controversies shall be heard and determined by a court or panel of not more than three judges . . . , unless a hearing or rehearing before the court [en] banc is ordered by a majority of the circuit judges of the circuit who are in regular active service."[2] When the Massachusetts Legislature enacted G. L. c. 211A, § 11, inserted by St. 1972, c. 740, § 1, we presume it was aware of case law construing the cognate Federal statute, and that it intended "the Massachusetts statute to be interpreted in a manner that was consistent with the then-existing Federal jurisprudence." *Dahill* v. *Police Dep't of Boston*, 434 Mass. 233, 238 (2001). See *Duarte* v. *Healy*, 405 Mass. 43, 47 (1989) (Legislature presumed to be aware of United States Supreme Court case interpreting 42 U.S.C. § 1983 on which it patterned Massachusetts Civil Rights Act).

In *Western Pac.*, *supra* at 250, the United States Supreme Court rejected a claim under 28 U.S.C. § 46(c) that was largely identical to the one made by the petitioner here, namely, that "the Code vests in a defeated party the right to ask for a rehearing en banc," and that "the court as a whole must act upon such a petition." The Court noted that 28 U.S.C. § 46(c) was a "legislative ratification" of *Textile Mills Sec. Corp.* v. *Commissioner of Internal Revenue*, 314 U.S. 326 (1941), a case that "went no further than to sustain the power of a Court of Appeals to order a hearing en banc." *Western Pac.*, *supra* at 251. Distinguishing between the power of the appellate court on the one hand, and the rights of litigants on the other hand, the Court reasoned:

> "In our view, § 46 (c) is not addressed to litigants. It is addressed to the Court of Appeals. It is a grant of power. It vests in the court the power to order hearings en banc. It goes no further. It neither forbids nor requires each active member of a Court of Appeals to entertain each petition for a hearing or rehearing en banc. . . . When the statute

[2]Although the Federal statute has been amended several times, none of the amendments is material for purposes of this discussion.

is cast in historical perspective, this becomes more readily apparent."

*Id.* at 250-251. The Court additionally noted that, in light of the "tradition" of three-judge panels in the Federal appellate courts (an approach adopted by statute in Massachusetts, see G. L. c. 211A, § 3), construing § 46(c) to permit litigants to "compel nonsitting judges to act in every case" would be a departure from that tradition and would be inconsistent with Congress's purposes in codifying rules pertaining to administration of the courts. *Id.* at 256-257. The Court concluded:

> "[Section] 46 (c) does not require a Court of Appeals to do what petitioners claim should have been done in this case. The statute deals, not with rights, but with power. The manner in which that power is to be administered is left to the court itself. *A majority may choose to abide by the decision of the [panel] by entrusting the initiation of a hearing or rehearing en banc to the three judges who are selected to hear the case.* On the other hand, there is nothing in § 46 (c) which requires the full bench to adhere to a rule which delegates that responsibility to the [panel]. Because § 46 (c) is a grant of power, and nothing more, each Court of Appeals is vested with a wide latitude of discretion to decide for itself just how that power shall be exercised." (Emphasis added.)

*Id.* at 259.

It was not until 1967, some fourteen years after *Western Pac.*, but prior to the 1972 enactment of G. L. c. 211A, § 11, that Fed. R. A. P. 35 was adopted. The original Fed. R. A. P. 35 tracked the language of § 46(c) and provided: "A majority of the circuit judges who are in regular active service may order that an appeal or other proceeding be heard or reheard by the court of appeals in banc." The rule did not describe a process to facilitate or trigger en banc review. See 16AA C.A. Wright, A.R. Miller, E.H. Cooper, & C.T. Struve, Federal Practice and Procedure § 3981, at 418-419 (4th ed. 2008). The rule was "responsive to the Supreme Court's view in [*Western Pac., supra*], that litigants should be free to suggest that a particular case is appropriate for consideration by all the judges of a court of appeals. [Rule 35] is addressed to the procedure whereby a

party may suggest the appropriateness of convening the court in banc. It does not affect the power of a court of appeals to initiate [en] banc hearings sua sponte." Notes of Advisory Committee on Rules — 1967 to Fed. R. A. P. 35, 28 U.S.C. app. 59 (2006). The rule required:

> "The clerk shall transmit any such suggestion to the judges of the court who are in regular active service but a vote will not be taken to determine whether the cause shall be heard or reheard [en] banc unless a judge in regular active service or a judge who was a member of the panel that rendered a decision sought to be reheard requests a vote on such a suggestion made by a party."

Fed. R. A. P. 35 (b) (1967), 28 U.S.C. app. 374 (1976). Even then, the Notes indicated that the rule "is intended to make it clear that *a suggestion of a party as such does not require any action by the court*" (emphasis added). Notes of Advisory Committee on Rules — 1967 to Fed. R. A. P. 35, *supra.*[3]

It was against this backdrop of Federal law that G. L. c. 211A, § 11, was enacted in 1972. The Legislature chose language similar to the language of 28 U.S.C. § 46(c), which, as noted above, had been interpreted by the Supreme Court *to authorize consideration* of a panel decision by the full United States Court of Appeals, but *not to compel* action by the full court. Moreover, while the Federal courts, by rule, had adopted a procedure for consideration of "suggestions" for en banc review that expressly did not require a vote by the full court, but did require that "suggestions" be transmitted to active judges of the Court of Appeals, the Legislature did not include such language in the Massachusetts statute. Against this backdrop, we therefore conclude that G. L. c. 211A, § 11, like § 46(c), is directed to the Justices of the Appeals Court. It empowers them to grant

---

[3]When Fed. R. A. P. 35 was amended in 1998, the provision requiring the clerk to "transmit any such suggestion to the judges of the court who are in regular active service" was omitted because it dealt with internal court procedures. Committee Notes on Rules — 1998 Amendment to Fed. R. A. P. 35, 28 U.S.C. app. 60 (2006). Most of the Circuit Courts of the United States Court of Appeals, including the First Circuit, have now adopted a similar requirement through either their local rules or internal operating procedures. E.g., Internal Operating Procedure X(C) of the Internal Operating Procedures of the First Circuit, Massachusetts Rules of Court (Federal) 206 (West 2010).

full court review on their own initiative, and to review and revise decisions rendered by panels of the court. What the statute does not do is provide a litigant with a private right to compel a majority of the Appeals Court Justices to consider and rule on a petition for full court revision.

General Laws c. 211A, § 13, authorizes the Appeals Court, subject to this court's approval, to create rules regulating "practices, procedures and internal administration of the appeals court." As far as the record shows, the Appeals Court presently has no written procedure requiring petitions for full court review to be distributed to all the individual Justices, as typically required in the United States Court of Appeals. We leave it to the Appeals Court to consider, in the first instance, whether it wishes to adopt a procedure requiring transmittal of petitions seeking full court review to the individual Justices of that court. See G. L. c. 211A, § 13.[4]

*Conclusion.* Under the applicable statute and existing rules, Weber had no right to compel consideration by all the judges of the Appeals Court of her request for full court review of the panel's unpublished decision. The single justice of this court therefore was correct to deny her petition pursuant to G. L. c. 211, § 3.

*Judgment affirmed.*

---

[4]Presumably, any rule the Appeals Court wishes to create would include a reasonable time limitation for filing a petition for review by the full court. See Fed. R. A. P. 35 (c). The petitioner's request in this case was made seven months after this court had denied her application for further appellate review, and long after the rescript had been issued to the trial court (see Mass. R. A. P. 23, as appearing in 367 Mass. 921 [1975]), and the case closed on the appellate docket.