Siva Black,
also known as Gary Black, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3. Black, who is charged with armed assault with intent to murder and other offenses, seeks relief from a finding of a judge in the Superior Court that Black was incompetent to stand trial and ordering him committed to Bridgewater State Hospital for further evaluation. G. L. c. 123, § 16. We affirm the judgment.
Relief pursuant to G. L. c. 211, § 3, is extraordinary. We will not disturb the single justice’s denial of relief absent an abuse of discretion or other clear error of law. See, e.g., Matthews v. Appeals Court, 444 Mass. 1007, 1008 (2005). A petitioner seeking relief under the statute “must ‘demonstrate both a substantial claim of violation of [his] substantive rights and error that cannot be remedied under the ordinary review process.’ ” McGuinness v. Commonwealth, 420 Mass. 495, 497 (1995), quoting Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990). Even if we were to assume that a ruling that a criminal defendant is incompetent to stand trial is one that cannot be remedied by means other than a petition pursuant to G. L. c. 211, § 3, cf. Spero v. Commonwealth, 424 Mass. 1017, 1017 & n.l (1997) (considering merits of petition for relief from denial of hearing pursuant to G. L. c. 123, § 17 [b]), Black has failed to demonstrate an entitlement to relief.
Black argues that he was improperly found incompetent to stand trial due to his religious beliefs or his asserted membership in a certain religious group. However, he presented no evidence to the single justice to substantiate this claim, other than his own conclusory opinions regarding the competency reports. See Rasheed v. Appeals Court, 434 Mass. 1012, 1013 (2001) (“it is the petitioner’s burden to create a record ... to substantiate his allegations”). Moreover, the Superior Court judge’s decision contains no suggestion that religious bias played any role in his decision. The judge mled, based on the evidence presented at the competency hearing as well as his own observations, that Black did not have the present ability to consult with his attorney, or to conduct his trial pro se with standby counsel, with a reasonable degree of rational understanding.[2] See Commonwealth v. Lyons, 426 Mass. 466, 468-469 (1998) (standard for competency to stand trial). Having reviewed the judge’s subsidiary findings and the record materials available to him, the single justice did not disturb that ruling. See id. at 469 (“we give substantial deference to [the judge’s] findings of fact” regarding competency). We have thoroughly reviewed the findings and the evidence in the record before us as *852 well. The single justice neither abused his discretion nor committed an error of law by denying extraordinary relief.
The case was submitted on briefs.
Siva Black, pro se.

Judgment affirmed.

As to the other element of the competency standard, “a rational as well as factual understanding of the proceedings against him,” Commonwealth v. Lyons, 426 Mass. 466, 469 (1998), quoting Commonwealth v. Vailes, 360 Mass. 522, 524 (1971), the judge found that Black understood the charges, the potential maximum penalties, and other procedural matters, but stated that some of Black’s comments did “give [him] pause on this second test as well.”