NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11647


HAYWOOD BLEDSOE  vs.  COMMISSIONER OF CORRECTION.



December 19, 2014.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Criminal, Transcript of hearing.


     Haywood Bledsoe appeals from a judgment of a single justice
of this court denying, without a hearing, his petition for
relief under G. L. c. 211, § 3.  We affirm the judgment.

     Bledsoe, an inmate in the custody of the Department of
Correction, commenced an action in the Superior Court against
the Commissioner of Correction and other officials.  A judge
issued an order granting summary judgment as to some of the
counts in Bledsoe's amended complaint.  After a hearing in which
Bledsoe participated by video conference, a second judge granted
summary judgment on the remaining counts and entered final
judgment.  Bledsoe's appeal therefrom is pending in the Appeals
Court.  Bledsoe's requests for a transcript of the summary
judgment hearing were denied by the second judge and by a single
justice of the Appeals Court.  He thereafter moved for a digital
versatile disc (DVD) record of the hearing at his own expense.
That motion, too, was denied by a third judge on the ground that
this is not necessary for his appeal.  Bledsoe's G. L. c. 211,
§ 3, petition sought relief from the third judge's decision.

     "Relief pursuant to G. L. c. 211, § 3, is extraordinary.
We will not disturb the single justice's denial of relief absent
an abuse of discretion or other clear error of law.  See, e.g.,
Matthews v. Appeals Court, 444 Mass. 1007, 1008 (2005).  A
petitioner seeking relief under the statute 'must "demonstrate
both a substantial claim of violation of [his] substantive

rights and error that cannot be remedied under the ordinary review process."' McGuinness v. Commonwealth, 420 Mass. 495, 497 (1995), quoting Planned Parenthood League of Mass., Inc. v. Operation Rescue, 406 Mass. 701, 706 (1990)." Black v. Commonwealth, 459 Mass. 1003, 1003 (2011). Bledsoe has not carried his burden under the statute for the simple reason that he has not addressed the availability of review in the ordinary course. He offers no reason why he could not have appealed directly from the third judge's decision or why he cannot address in his pending appeal from the summary judgment his asserted need for, and inability to obtain, a DVD recording of the hearing. Moreover, Bledsoe has not substantiated in any way his claim that the second judge took testimony or other evidence during the hearing on the defendants' summary judgment motion, and that this would be reflected on a DVD recording. He has not provided copies of the motion papers or of the second judge's memorandum of decision, making it impossible for the single justice or for this court to evaluate his claim that the paper record is insufficient for his appeal. In other words, he has not demonstrated "a substantial claim of violation of [his] substantive rights." McGuinness v. Commonwealth, supra. On this record, therefore, the single justice did not err or abuse his discretion by denying extraordinary relief.

The limited issue before us, on appeal from the single justice's judgment, is whether Bledsoe was entitled to extraordinary relief under the court's general superintendence power, which, as we have stated, he was not. That said, it remains unclear to us on this record why he was not permitted to obtain a DVD record of the video conference, at his own expense, assuming one was available or could readily be prepared for him.[1] The only explanation offered by the motion judge was that a record of the summary judgment hearing is not necessary to the underlying appeal. However, litigants who order a written transcript or an audio cassette recording of a hearing at their own expense are not required to show that such items are necessary for their appeals. Likewise, we would expect that, if a DVD or other official record of a video conference exists, a litigant would be allowed to purchase it at his or her own expense. An official video record of a hearing would be no less of a judicial record than a transcript or audio cassette. See generally Commonwealth v. Winfield, 464 Mass. 672 (2013) (discussing third-party access to judicial records), and cases

---

[1] The record does not indicate whether any video (or other) recording of the hearing in fact exists, only that a hearing was held via video conference.

cited.  We trust, therefore, that if Bledsoe were to renew his motion in the Superior Court, and if a DVD or other official record of the hearing in fact exists or can readily be prepared for him, he will be furnished with it at his own expense.  If no record of the video conference exists, the judge should so indicate.

<u>Judgment affirmed</u>.


The case was submitted on briefs.
<u>Haywood Bledsoe</u>, pro se.