NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11804


JEFFREY VIGIARD  vs.  COMMONWEALTH.


July 6, 2015.


Rape.  Deoxyribonucleic Acid.  Practice, Criminal, Interlocutory appeal.  Supreme Judicial Court, Superintendence of inferior courts.


The petitioner, Jeffrey Vigiard, appeals from a judgment of a single justice of this court summarily denying his petition for relief pursuant to G. L. c. 211, § 3.  We affirm.

The petitioner has been indicted on charges of aggravated rape and other offenses.  It appears that some items recovered from the crime scene have been subjected to deoxyribonucleic acid testing, while other items have not been tested.  The defendant has made multiple motions in the Superior Court to obtain testing of the untested items.  Some of his motions were allowed; others were denied.  We need not dwell on the particulars of the motions or the bases for the various rulings.  It suffices to say that, after the denial of his most recent motion on August 14, 2014, the petitioner filed a petition in the county court asking for leave to pursue an interlocutory appeal from the denial of that motion.  As stated, the single justice summarily denied the petition.

The appeal from the single justice's ruling is now before us on the petitioner's memorandum in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  The rule requires the petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  The petitioner's memorandum explains why he believes

the trial court's ruling was erroneous, and why he believes his defense might be prejudiced without the additional testing, but does not address at all what the rule requires -- why the motion judge's rulings cannot adequately be reviewed, and rectified if necessary, in a direct appeal if and when the petitioner is convicted.

Use of the court's extraordinary power of general superintendence is not necessary when there is an adequate alternative remedy.  It should not be sought merely as a substitute for ordinary appellate review.  See McMenimen v. Passatempo, 452 Mass. 178, 184-185 (2008); McGuinness v. Commonwealth, 420 Mass. 495, 497 (1995), and cases cited. See generally 1 Appellate Practice in Massachusetts § 1.5 (Mass. Cont. Legal Educ. 3d ed. Supp. 2014).  The single justice neither erred nor abused her discretion when she declined to employ the court's general superintendence power to review the matter at this interlocutory juncture.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

James R. Goodhines for the petitioner.