The case was submitted on the papers filed, accompanied by a memorandum of law.
**1019 In 2008, we affirmed a judgment of the county court denying John Cooper's petition for relief under G. L. c. 211, § 3. Cooper v. CVS Pharmacy, 450 Mass. 1024, 1025, 879 N.E.2d 684 (2008). At that time, Cooper appeared to be seeking relief from a **1020 1998 order of the Superior Court prohibiting him from filing claims in that court without prior review by an attorney (or at least an attempt to obtain such review) and the approval of the regional administrative justice. Id. at 1025, 879 N.E.2d 684. The order appears to have been based on his history of frivolous filings. Nothing in the record before us indicates that the 1998 order has been vacated or modified. In 2017, Cooper resumed filing materials in the county court, under the same docket number as his previous filings, again apparently seeking to reopen a number of civil cases commenced by him in the Superior Court, all of which were dismissed.[1] A single justice of this court denied Cooper's request, and Cooper appeals. We affirm.
Cooper has filed several handwritten memoranda in the full court and a request to treat his original county court papers as his record appendix in this appeal. It is clear from these materials that he has established no basis for relief. Nothing in the materials, which are virtually *1288 indecipherable but appear to make general allegations of mistreatment without offering any specific facts, presents any ground for disturbing the judgment of the single justice. Moreover, the dismissal of each case in the Superior Court was subject to appeal to the Appeals Court in the ordinary process. Our superintendence power is not "a substitute for the normal appellate process or ... an additional layer of appellate review after the normal process has run its course." Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001, 826 N.E.2d 199 (2005).
This appeal is not materially different from Cooper's previous appeal in 2008. We therefore order the clerk of the county court not to accept any further filings from him in this case. Additionally, we place Cooper on notice that any further attempt to invoke our general superintendence power in circumstances like this in other cases may result in an appropriate sanction from this court, including a possible restriction on his future filings.
Court records suggest that Cooper has at times been able to file complaints in the Superior Court, notwithstanding the 1998 order.