NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12792

ARTHUR BURNHAM  vs.  COMMONWEALTH (No. 1).

April 29, 2020.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Arthur Burnham, appeals from a judgment of a single justice of this court denying his petition for extraordinary relief under G. L. c. 211, § 3.  We affirm.

In the petition, Burnham primarily seeks relief from a judgment of the Superior Court revoking his probation and imposing a suspended sentence, arguing that the Superior Court's reliance on his mental health issues and treatment in refusing to re-probate him violated the Federal Americans with Disabilities Act.[1]  The claims he raises are appropriately raised in a direct appeal from the revocation of his probation.  See Erickson v. Commonwealth, 462 Mass. 1006, 1007 (2012); Constantine v. Commonwealth, 435 Mass. 1011, 1012 (2002).[2]  "Our

---

[1] As to the various other allegations of government misconduct in Burnham's brief and other submissions, "[w]e decline to consider matters that were not raised before the single justice, or that are inadequately presented on appeal." Chawla v. Appeals Court, 482 Mass. 1001, 1003 n.5 (2019), citing Dowd v. Dedham, 440 Mass. 1007, 1007-1008 (2003).

[2] To the extent Burnham also challenges the validity of his underlying guilty plea, the appropriate vehicle for that is a motion to withdraw the plea pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  See Constantine, 435 Mass. at 1012.  The Superior Court docket indicates that Burnham filed such a motion, the court denied the motion on

general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course."  Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005).

The single justice did not err or abuse her discretion in denying relief.

Judgment affirmed.


Arthur Burnham, pro se.
Jane A. Sullivan, Assistant District Attorney, for the Commonwealth.
Fabiola White (Sarah M. Joss, Special Assistant Attorney General, also present) for probation service.

---

March 4, 2020, and Burnham filed a notice of appeal on March 18, 2020.