NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-405

BOARD OF MANAGERS OF THE REDSTONE COURT CONDOMINIUM ASSOCIATION

vs.

XIULIN LIU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Xiulin Liu, the defendant in the underlying Superior Court action, appeals from an order declaring her a vexatious litigant and prohibiting her "from filing any further pleadings in this matter" without approval of the Regional Administrative Justice of the Superior Court (RAJ). We affirm.

The plaintiff, an organization of unit owners of a condominium, brought this civil action to establish and enforce a lien for unpaid common expenses owed by the defendant, and determine the priority of the lien. After the defendant failed to file an answer or responsive pleading, a default judgment entered against her in the Superior Court. The defendant filed a notice of appeal and a motion to vacate, but then informed the Superior Court that she refused to order transcripts. On the plaintiff's motion, the appeal was dismissed. The defendant

filed at least six motions to vacate or reconsider the judgment, all of which were denied.

In a July 8, 2022 order denying one of those motions, the Superior Court judge cautioned: "[The d]efendant is warned that if she files any further motion to vacate or motion for reconsideration, the court will strongly consider awarding [the] plaintiff it[s] attorney's fees in having to oppose the motion, and/or take steps to have [the] defendant declared a vexatious litigant." Ten days later, the defendant filed another notice of appeal and a notice of submission of transcripts. The judge dismissed that appeal, stating, "[the defendant] cannot restart the clock on the filing of a notice of appeal by persistently filing new motions to vacate judgment."

The plaintiff's motion to dismiss that appeal requested that the defendant be designated as a vexatious litigant, be prohibited from filing further motions in the case, and pay the plaintiff's attorney's fees. After a hearing, on December 27, 2022, the judge allowed the plaintiff's motion "to a limited extent." The judge ordered that the defendant was "declared . . . a vexatious litigant for purposes of this case only" and was prohibited from further filings in the case without prior screening and approval by the RAJ. The judge denied the plaintiff's request for attorney's fees due to the defendant's

2

pro se status. With the permission of the RAJ, the defendant appealed from the order. That appeal is now before us.[1]

Although the defendant is appealing from the December 27, 2022 order, neither her principal brief nor her reply brief mentions that order or argues why it was wrong. Instead, the defendant's brief argues that the default judgment should be vacated, asserting, "All the five judgments are wrong, they know that they can't close the case, just torture me to give up this case. I never give up my case[.] I continue to contact the court management and file motions." Because the defendant's brief does not set forth any legal argument as to why the December 27, 2022 order was wrong, she has not shown any basis for relief from that order. See Cooper v. CVS Pharmacy, 450 Mass. 1024, 1025 (2008); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

After having warned the defendant, the judge did not abuse her discretion by entering the order declaring the defendant a vexatious litigant and requiring her to seek approval from the

---

[1] A single justice of this court accepted the defendant's brief and appendix for filing with the caveat that "this order should not be construed as a waiver of the requirements to provide appropriate appellate argument and a record appendix sufficient to enable appellate review; and to rely only on materials that were part of the record below related to the issues on appeal." The defendant also moved to file a nonconforming reply brief. That brief was accepted for filing. By accepting it, we do not intimate that it meets the requirements of the Massachusetts Rules of Appellate Procedure.

RAJ before filing additional pleadings.  See Bishay v. Superior Court Dep't of the Trial Court, 487 Mass. 1012, 1013 (2021). See also State Realty Co. of Boston v. MacNeil, 341 Mass. 123, 124 (1960).  Considering the defendant's history of filing repetitive motions and her assertions on appeal, the limitations imposed by that order did not fall outside the range of reasonable alternatives.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[2]

Order dated December 27, 2022, affirmed.

By the Court (Rubin, Ditkoff & Grant, JJ.[3]),

Assistant Clerk

Entered:  March 4, 2024.

---

[2] The plaintiff's request for attorney's fees as a sanction for a frivolous appeal is denied.
[3] The panelists are listed in order of seniority.

4