RICHARD GLAWSON *vs.* COMMONWEALTH. December 6, 2007. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Speedy trial, Mistrial, Voir dire.

The petitioner appeals from two judgments of a single justice of this court denying relief pursuant to G. L. c. 211, § 3. In his first petition, the petitioner sought relief from the trial judge's denial of his pro se motion to dismiss indictments against him in an underlying criminal case on speedy trial grounds; in his second, the petitioner requested the single justice either to declare a mistrial or order that a jury voir dire be conducted (such request having been denied by the trial judge). We affirm.

The petitioner's G. L. c. 211, § 3, petitions were filed and decided while his trial was ongoing, and he has since been convicted by a jury on multiple indictments. The Superior Court docket entries indicate that notices of appeal have been filed both from the convictions and his sentences. Where, as here, the petitioner sought relief from "interlocutory rulings that [can] adequately be reviewed in a direct appeal," *Commonwealth* v. *Negron,* 441 Mass. 685, 688 (2004), the single justice was warranted in declining to exercise the court's supervisory power under G. L. c. 211, § 3. Such power "should be exercised only in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." *MacDougall* v. *Commonwealth,* 447 Mass. 505, 510 (2006), quoting *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630, 631 (1977).

The petitioner has neither argued nor demonstrated on appeal that the claims raised in his petitions cannot be reviewed during his direct appeal. See *Pare* v. *Commonwealth,* 420 Mass. 216, 217 (1995). With respect to the speedy trial claim, "[w]e have consistently rejected comparable claims that a petitioner cannot obtain adequate review of a speedy trial claim after trial, and have consistently held that a petitioner is therefore not entitled as a matter of

---

right to interlocutory review of his speedy trial claim pursuant to G. L. c. 211, § 3." *Marrero* v. *Commonwealth*, 447 Mass. 1013, 1013 (2006). See *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1003-1004 (2001); *Commonwealth* v. *Spaulding*, 411 Mass. 503, 510 (1992) (on appeal from conviction after trial, indictments ordered dismissed on speedy trial grounds under Mass. R. Crim. P. 36, 378 Mass. 909 [1979]). Similarly, the petitioner has neither argued nor demonstrated that his claimed right to a mistrial or jury voir dire cannot adequately be reviewed as part of his direct appeal. See *Commonwealth* v. *Kent K.*, 427 Mass. 754 (1998) (whether trial judge abused discretion in denying defendant's motion for mistrial reviewed on direct appeal).

The judgments of the single justice are affirmed.

*So ordered.*

The case was submitted on briefs.

*Richard Glawson*, pro se.