GRAHAM CHUBBUCK *vs.* COMMONWEALTH. April 28, 2009. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Sentence, Dismissal. *Incompetent Person,* Criminal charges, Commitment.

Graham Chubbuck appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3, with respect to two cases filed in the District Court arising from the same incident but filed eight months apart. We affirm.

---

In May, 2005, Chubbuck was charged in the District Court with two counts of indecent assault and battery on a person over the age of fourteen, G. L. c. 265, § 13H, and one count of unarmed burglary, G. L. c. 266, § 14 (case no. 1). At the Commonwealth's request, the burglary count was dismissed. In January, 2006, in a separate criminal complaint issued by the same District Court, Chubbuck was charged with one count of breaking and entering in the nighttime with the intent to commit a felony, G. L. c. 266, § 16 (case no. 2). That charge arose from the same incident that gave rise to case no. 1. At various times since the summer of 2005, Chubbuck has been evaluated for his competence to stand trial, with varying results. See G. L. c. 123, § 15 (*a*) - (*d*). Most recently, in January, 2007, Chubbuck was found not competent to stand trial in either case, and has been civilly committed on both cases since that time. See G. L. c. 123, § 16 (*b*) & (*c*). In March, 2007, with Chubbuck's consent, both cases were filed pending restoration of his competency.

In May, 2007, Chubbuck moved to dismiss both cases pursuant to G. L. c. 123, § 16 (*f*) (if defendant found incompetent to stand trial, court shall dismiss charges as of date of parole eligibility, calculated by Department of Correction, if defendant were convicted of most serious offense charged and sentenced to maximum sentence on that charge). See *Foss* v. *Commonwealth*, 437 Mass. 584, 586-591 (2002). Thereafter, the department calculated Chubbuck's dismissal date, for case no. 1 alone, as November 2, 2007, based on the maximum possible State prison sentence under G. L. c. 265, § 13H. Later, it recalculated the dismissal date as May 2, 2015, taking into account both cases, and using the maximum possible State prison sentence under G. L. c. 266, § 16. A judge in the District Court denied Chubbuck's motion to dismiss both cases. He also denied a motion to reconsider. The central issues before the judge were whether to treat the cases together, and whether the potential State prison sentences were applicable where the cases were pending in the District Court. The judge treated the cases together and, relying on *Foss* v. *Commonwealth, supra* at 591 n.10, concluded that the potential State prison sentence for G. L. c. 266, § 16 (case no. 2), controlled.

Thereafter, Chubbuck filed his petition in the county court. He argued that, for purposes of G. L. c. 123, § 16 (*f*), the cases should be treated separately, and that because the dismissal date for case no. 1 had passed, that case should be dismissed. Chubbuck made clear, however, that he was *not* seeking dismissal of case no. 2. Moreover, he did not dispute that the dismissal date for case no. 2 is May 2, 2015, or that he had been found incompetent to stand trial on — and has been civilly committed in connection with — *both* cases. See G. L. c. 123, § 16 (*b*) & (*c*). Thus, he did not claim that he was being unlawfully deprived of his liberty because of the continued pendency of case no. 1. Contrast *Foss* v. *Commonwealth, supra* (defendant sought dismissal in the District Court of all criminal charges pending against him and sought release from facility where held). Instead, Chubbuck claimed that, with respect to case no. 1, he had a "right to be free from prosecution for a criminal case that should be dismissed" pursuant to G. L. c. 123, § 16 (*f*), and that an appeal after a conviction would not be an adequate alternative remedy to relief under G. L. c. 211, § 3, because "he is not competent and his competency may not be restored in the near future."

The single justice denied the petition summarily and without a hearing. In an order issued pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we allowed this appeal to proceed in the regular course.

The single justice neither abused his discretion nor otherwise erred in denying Chubbuck's request for relief. The denial of a motion to dismiss in a criminal case is normally not appealable until after trial, and Chubbuck has raised no double jeopardy claim that might except him from that rule. See *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002). If his competency is restored before May 2, 2015, and he is tried and convicted on case no. 1, he may raise in an appeal from that conviction his argument that the case should have been dismissed pursuant to G. L. c. 123, § 16 (*f*). If he does not regain his competency before May 2, 2015, both cases will, as the Commonwealth concedes, be dismissed on that date, under § 16 (*f*).

Chubbuck claims that allowing case no. 1 to remain pending may adversely affect future evaluations of him for purposes of his continued civil commitment and his competence to stand trial, and that, in the event he is tried and convicted under case no. 1, the delay in bringing him to trial could count against him for purposes of how long he would be required to register as a sex offender and at what level of classification. Those concerns, asserted without any support or explanation, are too speculative to warrant relief under G. L. c. 211, § 3. Moreover, the cases he relies on in seeking to invoke G. L. c. 211, § 3, are distinguishable from this case in fundamental ways. See *Commonwealth* v. *Millican*, 449 Mass. 298 (2007) (Commonwealth sought relief under G. L. c. 211, § 3, challenging authority of judge to impose certain criminal disposition); *Commonwealth* v. *Sebastian S.*, 444 Mass. 306 (2005) (same). To the extent Chubbuck relies on *Foss* v. *Commonwealth*, *supra*, there, unlike here, the petitioner claimed that his liberty was being infringed because of the ongoing pendency of criminal charges against him, and sought dismissal of all of those charges. And also there, unlike here, the single justice exercised his discretion to address the claims on the merits. "Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Jackson* v. *Commonwealth*, *supra*. Chubbuck would fare no better were we to consider his claims on the merits: multiple charges (whether by one or more complaints or indictments) arising from the same incident should, for purposes of G. L. c. 123, § 16 (*f*), be treated as one unit — at least where, as here, they are pending in the same court — with a single dismissal date determined for all charges, based on the maximum penalty of the most serious offense. That was done in this case.

*Judgment affirmed.*

*Adriana Contartese* for the defendant.

*Peter Maguire*, Assistant District Attorney, for the Commonwealth.