HEIDI K. ERICKSON *vs.* COMMONWEALTH. April 24, 2012. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Disqualification of judge.

The petitioner, Heidi K. Erickson, appeals from a judgment of a single justice of this court denying her petition, pursuant to G. L. c. 211, § 3. Her petition challenged various aspects of a probation violation proceeding in the District Court that resulted in a finding that she had violated certain terms of her probation and the imposition of a thirty-day period of home detention, together with probation on modified terms. She also sought a stay of the modified terms of probation and other relief pending appeal. After the single justice denied her petition, the petitioner moved that the single justice be recused. That motion also was denied. We affirm.

1. The court's superintendence power under G. L. c. 211, § 3, is reserved for extraordinary occasions where adequate alternative remedies do not exist. *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995). With respect to her request for a stay pending appeal, the petitioner had already sought and been denied substantially similar relief from the District Court judge and a single justice of the Appeals Court. The single justice of this court was not obligated to consider the matter further. With respect to her claims concerning

---

the probation violation proceeding, an appeal from the final disposition in such a proceeding lies in the Appeals Court. See *Commonwealth* v. *Al Saud*, 459 Mass. 221, 226 (2011) (defendant may challenge finding of probation violation "on appeal from a final disposition of revocation or modification"). The single justice therefore properly denied relief under G. L. c. 211, § 3.

2. The petitioner also challenges the single justice's denial of her motion that he recuse himself. "To show that a judge abused his discretion by failing to recuse himself, a [litigant] ordinarily must show that the judge demonstrated a bias or prejudice arising from an *extrajudicial* source . . . ." (emphasis added). *Commonwealth* v. *Adkinson*, 442 Mass. 410, 415 (2004), citing *Liteky* v. *United States*, 510 U.S. 540, 551 (1994) ("not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings"). See generally *Demoulas* v. *Demoulas Super Mkts., Inc.*, 428 Mass. 543, 546-552 (1998); *Haddad* v. *Gonzalez*, 410 Mass. 855, 862 (1991); *Lena* v. *Commonwealth*, 369 Mass. 571, 574-576 (1976). The petitioner points to nothing more than the single justice's adverse rulings in this case and prior cases to support her claim that he was not impartial.[1] There has been no showing in what is before us that the single justice was biased in this case, or that his ruling was "influenced by any considerations other than the law." *Commonwealth* v. *Daye*, 435 Mass. 463, 470 n.4 (2001). Nothing suggests the single justice abused his discretion or failed to apply the correct legal standards in denying relief.[2]

*Judgment affirmed.*

*Heidi K. Erickson*, pro se.

*Douglas J. Humphrey*, Assistant District Attorney, for the Commonwealth.

---

[1]The single justice has presided over other matters filed by the petitioner in the county court. A judge who has ruled against a litigant is not thereby barred from participating in subsequent proceedings involving that litigant.

[2]We remind the petitioner that extraordinary relief is properly denied where an alleged error can adequately and effectively be remedied through the normal trial and appellate process or by other available means. Multiple attempts to seek extraordinary relief from this court, pursuant to G. L. c. 211, § 3, or otherwise, that suffer from similar deficiencies may result in action by the court, including the restriction or denial of oral argument or, possibly, the restriction of future filings.

