NATHAN MARQUIS LEBARON *vs.* COMMONWEALTH. April 3, 2013. *Supreme Judicial Court,* Superintendence of inferior courts.

Nathan Marquis LeBaron appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3. We affirm.[1]

LeBaron was convicted in the Superior Court of several criminal offenses. His appeal from his convictions is pending in the Appeals Court, where he is represented by counsel. LeBaron, acting pro se, filed a motion in the Appeals Court; the court responded that it would consider only filings submitted by counsel of record. LeBaron's G. L. c. 211, § 3, petition sought relief from that ruling as well as a stay of his appeal until such time as he is allowed to proceed without counsel, except for assistance with the clerical and practical tasks associated with his appeal. The single justice did not err or abuse his discretion by denying such relief, as LeBaron has "no constitutional right . . . to 'hybrid representation,' that is, representation in part by counsel and in part by oneself." *Commonwealth* v. *Molino,* 411 Mass. 149, 152 (1991). See *Azubuko* v. *Commonwealth, ante* 1014, 1014 (2013) ("Absent extraordinary circumstances, a party represented by counsel in pending criminal proceedings is not entitled to challenge interlocutory rulings pro se"). While a court may, in its discretion, permit a party to proceed in a hybrid manner, it is not obligated to do so. See *Commonwealth* v. *Molino, supra* at 152-154. In addition, LeBaron filed in the county court what appears to be a draft brief in support of his criminal appeal, including instructions for counsel to carry out certain clerical tasks. It is unclear whether, by doing so, he was attempting to have the single justice address the merits of the arguments he intends to raise in the criminal appeal. To the extent that he was doing so, relief was properly denied. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process." *Votta* v. *Police Dep't of Billerica,* 444 Mass. 1001, 1001 (2005).

*Judgment affirmed.*

The case was submitted on briefs.

*Nathan Marquis LeBaron,* pro se.

*Paul C. Wagoner,* Assistant District Attorney, for the Commonwealth.

---

[1]LeBaron has moved that this appeal be consolidated with his appeal from a separate judgment of a different single justice, related to the same underlying criminal proceeding. It appears that although LeBaron filed a notice of appeal from that judgment, no appeal has yet been entered in the full court. Accordingly, we deny the motion.