Julius Owens vs. Commonwealth.[1] May 15, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Interlocutory appeal, Speedy trial, Competency to stand trial.

The petitioner, Julius Owens, filed a pro se petition in the county court seeking interlocutory review of the denial of his motion to dismiss indictments against him in an underlying criminal case. He claimed that the indictments should have been dismissed on speedy trial ground. A single justice denied relief, and the petitioner appeals, claiming that the single justice abused his discretion in denying the petition, pursuant to G. L. c. 211, § 3. We affirm.

The denial of a motion to dismiss in a criminal case cannot be appealed by a defendant as a matter of right until after trial. Nor is review of such an interlocutory ruling available as a matter of right under G. L. c. 211, § 3. "Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot

---

[1]The petitioner named as a respondent the Superior Court judge who issued the order against him in the underlying criminal case. The judge is a nominal party only. The real party in interest is the Commonwealth. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002). With one limited exception not applicable here, these principles apply to all motions to dismiss, including those, like the petitioner's, that raise speedy trial claims. See *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1005 (2001). Accord *Grand-Pierre* v. *Commonwealth*, 461 Mass. 1003, 1004 (2011); *Fitzpatrick* v. *Commonwealth*, 453 Mass. 1014, 1015 (2009); *Glawson* v. *Commonwealth*, 450 Mass. 1009, 1009-1010 (2007); *Bateman* v. *Commonwealth*, 449 Mass. 1024, 1024 (2007).

Regardless whether the "brief and appendix" the petitioner has filed was intended to be a memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), or an appellate brief pursuant to Mass. R. A. P. 16, as amended, 428 Mass. 1603 (1999), he has failed to demonstrate the absence or inadequacy of the ordinary appellate review process. He claims that he has been adjudicated incompetent, see G. L. c. 123, § 16; that an appeal after a conviction would not be an adequate remedy because his "adjudication of 'incompetency' is unlikely to change at any point in the for[e]seeable future"; and thus that there will be no trial and appeal. If his competency is restored, however, "he may raise in an appeal from [any] conviction his argument that the case should have been dismissed" on speedy trial ground or otherwise. *Chubbock* v. *Commonwealth*, 453 Mass. 1018, 1020 (2009). And if his competency is not restored, G. L. c. 123, § 16 (*f*), establishes a date beyond which he may no longer be held.[2,3]

*Judgment affirmed.*

The case was submitted on the briefs.

*Julius Owens*, pro se.

[2]The petitioner has not established that the charges against him are pending beyond the date established by G. L. c. 123, § 16 (*f*). Contrast *Foss* v. *Commonwealth*, 437 Mass. 584 (2002).

[3]Two additional points warrant mention. First, the Commonwealth's filings indicate that the petitioner is represented by counsel in the Superior Court. The single justice properly could have denied relief on the pro se petition on that basis alone. See *Azubuko* v. *Commonwealth*, 464 Mass. 1014, 1014 (2013) ("Absent extraordinary circumstances, a party represented by counsel in pending criminal proceedings is not entitled to challenge interlocutory rulings pro se"). See also *LeBaron* v. *Commonwealth*, 464 Mass. 1020, 1020 (2013). Second, prior to filing the present petition, the petitioner had already sought and been denied interlocutory review by another single justice of the same Superior Court order. He did not pursue an appeal from the first single justice's judgment. The second single justice was not obliged to consider the matter further. *Erickson* v. *Commonwealth*, 462 Mass. 1006, 1006 (2012).

