The defendant, Michael N. Miller, appeals from an order dismissing his underlying appeal. We affirm.
As alleged, Kinaeda Corp. (Kinaeda) took out a $2 million loan; the note later was assigned to Heritage Hill Finance Company, Inc. (Heritage). Miller guaranteed Kinaeda's loan. Kinaeda was current on the note until late 2010 but made no payments thereafter, leaving a balance then due of about $580,000. Heritage commenced this action in 2013 for, relevant here, breach of Miller's guarantee.[3]
Following a jury-waived trial, judgment in the total amount of about $402,188.28, with interest, entered in Heritage's favor. Miller noticed a timely appeal and took initial steps to have a trial transcript produced but, in February, 2016, was notified that the electronic trial recording could not be located and no trial transcript could be produced. Miller took no further steps to perfect his appeal.
In January, 2017, Heritage moved to dismiss Miller's appeal. In substance, Heritage argued that as Miller had neither filed and served a statement of evidence and proceedings, see Mass. R. A. P. 8 (c), as amended, 378 Mass. 932 (1979),[4] nor made any attempt to have an agreed statement of the case on appeal approved, see Mass. R. A. P. 8 (d), as amended, 378 Mass. 932 (1979),[5] Miller had not prosecuted his appeal with the diligence required by Mass. R. A. P. 9 (c), as amended, 437 Mass. 1602 (2002). Miller made no attempt to recreate the record after Heritage moved to dismiss but, instead, moved for an enlargement of time and opposed Heritage's motion, suggesting, in his multiple affidavits, that his underlying appeal had merit and that the missing trial recording "made my job of perfecting the appeal very hard." Following an April, 2017, hearing, the same judge who presided at the trial dismissed Miller's appeal.[6]
Rule 10 (c) of the Massachusetts Rules of Appellate Procedure provides that an appeal may be dismissed upon a finding that the appellant's dilatory, uncured conduct was due to "inexcusable neglect." Mass. R. A. P. 10(c), as amended, 417 Mass. 1602 (1994). While "inexcusable neglect" is a somewhat amorphous concept, it "does not embrace [a] flat mistake ... about the meaning of a ... rule" or other "garden-variety oversights." Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 257 (2014), quoting Mailer v. Mailer, 387 Mass. 401, 406 (1982). See Doten v. Doten, 395 Mass. 135, 139-140 (1985). We review an order dismissing an appeal for abuse of discretion, remaining "mindful ... that the burden was on [Miller], as appellant, to pursue his appeal, and to provide an adequate record for his appeal." Scheuer v. Mahoney, 80 Mass. App. Ct. 704, 708 (2011), quoting Spivey v. Neitlich, 59 Mass. App. Ct. 742, 744 (2003).
Rule 8 of the Massachusetts Rules of Appellate Procedure specifically contemplates that electronic trial recordings may be unavailable, providing specific procedures to be employed in that event. See notes 2 & 3, supra, and accompanying text. As the record reflects here, Miller failed to utilize the procedures delineated in rule 8. See, e.g., Commonwealth v. Flint, 81 Mass. App. Ct. 794, 800-804 (2012) (delineating steps to reconstruct record on appeal when transcript is unavailable). Miller does not claim ignorance of his duties under rules 8 and 9 of the Massachusetts Rules of Appellate Procedure ; nor does he claim any circumstances beyond his control (other than that the electronic recording was not available), mistake, misunderstanding, or even simple oversight. Instead, Miller contends, in substance, that opposing counsel allegedly, on a single occasion, did not return Miller's telephone call -- an allegation counsel disputes -- and that the missing recording made it difficult to prepare his appeal. In this light Miller's conduct properly may be characterized as "inexcusable." Compare Neuwirth, 85 Mass. App. Ct. at 257-258.
Nor did the judge erroneously deny Miller's request for an enlargement. We note that Miller made no effort to take advantage of the cure provisions provided by Mass. R. A. P. 10 (c) even though more than three months passed between the date Miller received Heritage's motion and hearing on that motion. Nor, as noted, did Miller adequately explain what efforts, if any, he took to reconstruct the record during the previous year. In the meantime, as Miller's delays accrued and the parties' and trial judge's recollections faded, Heritage remained unable to execute on its judgment.
We appreciate that Miller's counsel withdrew shortly after judgment entered and that Miller now is unrepresented. While "some leniency" may therefore be appropriate when reviewing Miller's appellate efforts, he nonetheless remains, "as all other litigants" are, bound by the rules of procedure. Brown v. Chicopee Fire Fighters Ass'n., Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990). In this case Miller's failure to take steps to recreate the record has both prejudiced Heritage and rendered us unable, from "both a legal and a practical" perspective, to conduct any meaningful review. Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). We are thus unable to say that the judge committed " 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).
The record before us does not show that Miller made any objection or argument below that the judge should have recused himself. Miller thus waived the claim. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006). See also Matter of a Care & Protection Summons, 437 Mass. 224, 239 (2002) (belated request for recusal "suggests a tactical decision in the face of an adverse ruling"). In any event, "[t]here has been no showing in what is before us that the [judge] was biased in this case, or that his ruling was 'influenced by any considerations other than the law.' " Erickson v. Commonwealth, 462 Mass. 1006, 1007 (2012), quoting Commonwealth v. Daye, 435 Mass. 463, 470 n.4 (2001).
To the extent we have not specifically commented, we have considered Miller's remaining arguments and have found them unavailing. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954). The orders entered on April 21, 2017, dismissing defendant Miller's appeal and denying his motion for an enlargement of time are affirmed.
So ordered.
Affirmed

Although Heritage filed suit against Kinaeda and Miller, Kinaeda dissolved before the date of the trial, leaving Miller as the only defendant.

As relevant here, rule 8 (c) provides that "the appellant may, within thirty days after the notice of appeal is filed, file a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may file objections or proposed amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments thereto shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal."

As relevant here, rule 8 (d) provides that "the parties may, within thirty days after the notice of appeal is filed, prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the lower court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented."

The docket reflects that the judge allowed Heritage's motion for "substantially the reasons set forth in [Heritage's] memorandum." Despite his duty as the appellant, see Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975), Miller did not include in his appendix copies of: (i) the judge's endorsement; (ii) Heritage's moving papers; or (iii) Heritage's memorandum in support of its motion. Accordingly, we infer the judge's conclusion of inexcusable neglect and "a finding of every fact essential to support it." Commonwealth v. One 1969 Mercedes-Benz Auto., 375 Mass. 663, 666 n.3 (1978).