NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1021

COMMONWEALTH

vs.

RICHARD DIBIASIO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant pleaded guilty in February 2020 to stalking, criminal harassment, and threatening to commit a crime.  In November 2020, he filed a motion for a new trial through which he sought to withdraw his guilty pleas, and subsequently appealed after that motion was denied.  The order denying the defendant's motion for a new trial was affirmed on appeal.  See Commonwealth v. DiBiasio, 101 Mass. App. Ct. 1108 (2022) (DiBiasio I).  In October 2022, the defendant filed a second motion for a new trial, which was also denied.[1]  In the instant

---

[1] The defendant also filed a motion asking that his motion for a new trial be heard by a judge other than the plea judge, which was denied by the plea judge on the same day.  We discern no error in the denial of that motion.  "To show that a judge abused his discretion by failing to recuse himself, a defendant ordinarily must show that the judge demonstrated a bias or prejudice arising from an extrajudicial source, and not from something learned from participation in the case."  Commonwealth

appeal, he appeals that denial.  Concluding that his claims are barred by direct estoppel or otherwise waived, we affirm.

Discussion.  "We review a decision on a motion for a new trial for an abuse of discretion, meaning we consider whether the motion judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives.'"  Commonwealth v. Jacobs, 488 Mass. 597, 600 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

"A judge's authority to grant a new trial pursuant to Mass. R. Crim. P. 30 (b), [as appearing in 435 Mass. 1501 (2001),] while broad, is limited by principles of direct estoppel." Commonwealth v. Watkins (No. 1), 486 Mass. 801, 806 (2021), quoting Commonwealth v. Sanchez, 485 Mass. 491, 498 (2020).  "In general, a defendant is directly estopped from obtaining review of a claim where the Commonwealth demonstrates that the issue was 'already litigated and determined . . . , that such determination was essential to the . . . conviction, and that the defendant had an opportunity to obtain review of the

---

v. Adkinson, 442 Mass. 410, 415 (2004), citing Liteky v. United States, 510 U.S. 540, 551 (1994).  The defendant has not made any such showing here.  See Erickson v. Commonwealth, 462 Mass. 1006, 1007 (2012) (prior adverse rulings not enough to require recusal).

2

determination.'"  Commonwealth v. Arias, 488 Mass. 1004, 1006 (2021), quoting Watkins (No. 1), supra.  See Commonwealth v. Rodriguez, 443 Mass. 707, 710-711 (2005).

Further, "[a]ny grounds for relief not raised by the defendant in his original or amended motion for a new trial are 'waived unless the judge in the exercise of discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion.'"  Commonwealth v. Roberts, 472 Mass. 355, 359 (2015), quoting Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001).  The Supreme Judicial Court has "recommended that judges restrict the exercise of their discretion to review previously unraised claims to 'those extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might otherwise result.'"  Roberts, 472 Mass. at 359, quoting Commonwealth v. Watson, 409 Mass. 110, 112 (1991).

With that, we turn to consider the legal[2] arguments contained in the defendant's second motion for a new trial. There he argued that (1) the judge's comments regarding the defendant's mental illness led him to believe that he would not be permitted to present a criminal responsibility defense at

---

[2] The pro se defendant also wrote extensively in his motion about his remorse and desire to return to work.  While we note these parts of the motion, we consider only his legal arguments.

trial, (2) the judge threatened to impose a five-year sentence if he proceeded to trial, (3) the judge's insistence that he proceed pro se if he could not procure counsel in time for trial violated his right to counsel, and (4) his plea counsel was ineffective by failing to file a motion to continue the trial so that he would have time to procure trial counsel.[3]  Concluding that these arguments are all barred by either direct estoppel or otherwise waived, we discern no abuse of discretion by the motion judge in denying the motion.

First, the defendant's argument that his pleas were involuntarily made due to comments that the judge made during the plea colloquy is estopped.  See Arias, 488 Mass. at 1006. This argument was made by the defendant in his first motion for a new trial and the voluntariness of his pleas was carefully reviewed by a panel of this court in DiBiasio I.  There, the panel wrote that "the defendant posits that his guilty pleas were involuntary because the plea judge 'suggested to the defendant that he did not have a viable criminal responsibility defense for trial, and that the trial court might not allow the presentation of that defense.'"  DiBiasio I, 101 Mass. App. Ct. at 1108.  It then concluded that "the court had already ruled

_____

[3] At times in his motion, the defendant also asserted that earlier counsel, who had withdrawn prior to his plea, was ineffective due to unprofessional conduct or noncompliance with his directives.

4

that the defendant could present his criminal responsibility defense." Id. As this argument has been made and decided previously on appeal, the defendant was prohibited from raising it again in his second motion for a new trial.[4] Id. See Arias, 488 Mass. at 1006.

The same reasoning applies to the defendant's argument that the plea judge impermissibly threatened to impose a five-year sentence of incarceration if he proceeded to trial. With respect to that argument, the panel wrote that "[n]othing in [the judge's statements] suggested any difference in the sentence after trial; indeed, the discussion concerned the sentence after a guilty plea." DiBiasio I, 101 Mass. App. Ct. at 1108. Without more, we discern no abuse of discretion in the motion judge's rejection of these arguments. See Jacobs, 488 Mass. at 600.

The defendant's remaining arguments, that he was impermissibly required to defend himself pro se and that he received ineffective assistance of counsel, could have been raised in his first motion for a new trial as they deal exclusively with facts well known to the defendant that occurred

---

[4] On appeal, the defendant separately contends that the motion judge's comments were particularly coercive because he mistakenly believed that he was required to submit to a bench trial. That argument is estopped where it is essentially a repackaging of his argument in DiBiasio I. See Arias, 488 Mass. at 1006.

5

prior to his first motion for a new trial in October 2020. The arguments are accordingly waived, and the judge did not abuse his discretion by rejecting them. See Roberts, 472 Mass. at 359.[5]

Orders denying second motion for a new trial and motion to recuse affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered: December 4, 2023.

---

[5] Although the defendant argues that the motion judge should have held an evidentiary hearing to allow him to develop evidence in support of these claims, he does not suggest that he could produce evidence that would overcome the restraint of estoppel or waiver.

[6] The panelists are listed in order of seniority.