NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13812

ABRAHAM MORALES  vs.  COMMONWEALTH.


April 24, 2026.


Supreme Judicial Court, Superintendence of inferior courts.
    Incompetent Person, Criminal charges.  Practice, Criminal,
    Dismissal, Competency to stand trial.



     The defendant, Abraham Morales, appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3.[1]  We affirm.

     The defendant has been charged with assault by means of a dangerous weapon, disorderly conduct, and disturbing the peace.  At his arraignment, he moved for an evaluation of his competence to stand trial and criminal responsibility pursuant to G. L. c. 123, § 15 (a).  That motion was allowed, and the defendant was hospitalized for that examination.  After the hospital filed its report, the defendant was found competent to stand trial.  The defendant filed three further motions for a competency evaluation, the first two of which were denied.  The last such motion was allowed, and the defendant was again hospitalized for an examination of his competence to stand trial and criminal responsibility.  After that evaluation, the defendant was again found competent to stand trial.  Thereafter, the defendant filed a motion for funds to retain a forensic psychologist, which was allowed.  The forensic psychologist filed a report opining that the defendant was not competent to stand trial and was not

_____

     [1] Although Morales commenced this action by filing a petition in the county court, for convenience, we refer to him as the defendant.

likely to be restored to competency.  The defendant moved to dismiss the charges against him "in the interest of justice" pursuant to G. L. c. 123, § 16 (f).[2]  A judge in the District Court (motion judge) found the defendant incompetent to stand trial but denied the motion to dismiss.  In his G. L. c. 211, § 3, petition, the defendant sought immediate dismissal of the charges.  The single justice denied relief without a hearing and without addressing the merits on the ground that the petition did not present exceptional circumstances warranting extraordinary relief.  In an order issued pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we allowed this appeal to proceed on the ground that the defendant did not have an adequate remedy in the ordinary course of trial and appeal.  See Chubbuck v. Commonwealth, 453 Mass. 1018, 1019 (2009).

"In cases such as this one, where the single justice exercises discretion not to reach the merits of a petition, . . . the full court asks only whether the single justice abused his or her discretion in making that decision."  Pike v. Divris, 496 Mass. 1040, 1041 (2025), quoting Boone v. Commonwealth, 494 Mass. 1011, 1012-1013 (2024).  "The single justice is not required to become involved if the petitioner has an adequate alternative remedy or if the single justice determines, in his or her discretion, that the subject of the petition is not sufficiently important and extraordinary as to require general superintendence intervention."  Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019).

The single justice did not abuse her discretion in this case, as the defendant has not demonstrated that he is entitled to immediate dismissal in the interest of justice.  The defendant asserts that holding him for the period prescribed by

---

[2] "Under G. L. c. 123, § 16 (f) . . . , a defendant who is found incompetent to stand trial is entitled to dismissal of the criminal charges against him or her at the point corresponding to one-half the maximum sentence the defendant could have received if convicted of the most serious crime with which he or she was charged."  Commonwealth v. Calvaire, 476 Mass. 242, 242-243 (2017).  Here, there is no dispute that the defendant will be entitled to automatic dismissal after two and one-half years if he is not restored to competency.  In addition, "the court in the interest of justice may dismiss the criminal charges against such person prior to the expiration of such period."  G. L. c. 123, § 16 (f).  In determining whether to open this "safety valve," "the judge may consider factors that are not relevant to the statutory computation."  Calvaire, supra at 247.

G. L. c. 123, § 16 (f), see note 2, supra, violates due process because it is "indisputable" that he will never regain competency.  Cf. Sharris v. Commonwealth, 480 Mass. 586, 601-602 (2018) ("allowing charges . . . to remain pending indefinitely is inconsistent with . . . substantive due process" where undisputed that defendant will never become competent).  We disagree.  The motion judge made no finding as to the defendant's likelihood of regaining competency, and the record before the single justice did not compel one.  In particular, the fact that one forensic psychologist opined in a written report that the defendant is unlikely to be restored to competency does not indisputably prove this to be the case.  On this record, neither the motion judge nor the single justice was obligated to dismiss the charges immediately pursuant to G. L. c. 123, § 16 (f).  Accordingly, the single justice did not err or abuse her discretion by finding that the circumstances did not warrant extraordinary relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on briefs.
David E. Rivera for the petitioner.
Jesse-Paul J. Crane, Assistant District Attorney, for the Commonwealth.